## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC D/B/A ANNIEMAC HOME MORTGAGE, | Case No. Hon. |
| Plaintiff, | |
| v. | |
| RICHARD SCOTT DENNIS, an individual, | |
| Defendant. | |

---

## <u>COMPLAINT</u>

Plaintiff, AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC D/B/A ANNIEMAC HOME MORTGAGE ("AnnieMac"), by and through undersigned counsel, states as follows for its Complaint against Defendant, RICHARD SCOTT DENNIS ("Former Employee"):

## <u>PARTIES, JURISDICTION AND VENUE</u>

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000.00.

2.     AnnieMac is a limited liability company organized under Delaware law. AnnieMac has two members – (1) Hyperion Family Holding Company LLC ("Hyperion"); and (2) an individual domiciled in Pennsylvania.  Hyperion in turn has a single member - an individual who is domiciled in Puerto Rico.  Therefore, AnnieMac is deemed to be a citizen of

Puerto Rico and Pennsylvania, only, for purposes of diversity jurisdiction.  See *Lincoln Ben Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-105 (3rd Cir. 2015).

3.      Former Employee is an individual who, upon information and belief, is domiciled in California and therefore a citizen of California, only, for purposes of diversity jurisdiction.

4.      This Court has personal jurisdiction over Former Employee because he has constitutionally sufficient minimum contacts with the State of New Jersey and this Court's exercise of jurisdiction over Former Employee otherwise comports with traditional notions of fair play and substantial justice.

5.      Venue also is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the District of New Jersey is a judicial district in which a substantial part of the events or omissions giving rise to AnnieMac's claim occurred.

## <u>GENERAL ALLEGATIONS</u>

### <u>*The May 2, 2022 Loan*</u>

6.      Effective April 29, 2022, AnnieMac and Former Employee entered into a Loan Agreement providing, among other things, that AnnieMac would loan, and Former Employee would pay back, the amount of $54,800.00, with interest.  **Exhibit 1** ("the April 29, 2022 Loan Agreement").

7.      In furtherance of the April 29, 2022 Loan Agreement, Former Employee also executed a Promissory Note payable to AnnieMac as Holder.  **Exhibit A to Exhibit 1** ("the April 29, 2022 Promissory Note").

8.      Consistent with the April 29, 2022 Loan Agreement, AnnieMac paid Former Employee the sum of $54,800.00 on May 2, 2022 ("the May 2, 2022 Loan").

9.      The April 29, 2022 Promissory Note states in relevant part that Former Employee as Maker:

> "promises to repay to the order of Holder, the principal sum of $54,800.00 on or before May 1, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on May 2, 2022, payable with principal on May 1, 2023.
>
> If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.
>
> ***In the event of termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of April 29, 2022, between Holder and Maker."*** (emphasis added).

10.     Subsection 1(e) of the April 29, 2022 Loan Agreement contains the following provision regarding possible forgiveness of the loan:

> **"Forgiveness.**   The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on May 1, 2023, if Borrower is employed by Lender on May 1, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to May 1, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability."

11.     The conditions precedent set forth in subsection 1(e) of the April 29, 2022 Loan Agreement for forgiveness of the May 2, 2022 Loan did not occur and otherwise have no applicability, as Former Employee voluntarily terminated his employment with AnnieMac on November 2, 2022.

12.     Therefore, pursuant to the terms of the April 29, 2022 Loan Agreement and April 29, 2022 Promissory Note, Former Employee became obligated to pay back the May 2, 2022

Loan no later than December 2, 2022, which was 30 days following his voluntary termination of employment.

13.     AnnieMac has declared the entire unpaid principal and interest immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the May 2, 2022 Loan, together with interest, costs, and attorneys' fees.

14.     Thus, Former Employee has materially breached his obligations and promises to pay set forth in the April 29, 2022 Loan Agreement and April 29, 2022 Promissory Note.

15.     By contrast, AnnieMac has complied with its obligations under the April 29, 2022 Loan Agreement, including by making the May 2, 2022 Loan to Former Employee.

16.     Former Employee's material breaches of the April 29, 2022 Loan Agreement and failure to honor the April 29, 2022 Promissory Note have proximately caused AnnieMac to suffer damages in the principal amount of $54,800.00 together with interest.

17.     The April 29, 2022 Promissory Note also entitles AnnieMac, if it prevails in this matter, to recover its attorneys' fees and costs incurred in connection with enforcing Former Employee's payment obligations.

### *The June 23, 2022 Loan*

18.     Effective June 22, 2022, AnnieMac and Former Employee entered into a second Loan Agreement again providing, among other things, that AnnieMac would loan, and Former Employee would pay back, the amount of $53,550.00, with interest.  **Exhibit 2** ("the June 22, 2022 Loan Agreement").

19.     In furtherance of the June 22, 2022 Loan Agreement, Former Employee executed a second Promissory Note payable to AnnieMac as Holder.  **Exhibit A to Exhibit 2** ("the June 22, 2022 Promissory Note").

20.     Consistent with the June 22, 2022 Loan Agreement, AnnieMac paid Former Employee the sum of $53,550.00 on June 23, 2022 ("the June 23, 2022 Loan").

21.     The June 22, 2022 Promissory Note states in relevant part that Former Employee as Maker:

> "promises to repay to the order of Holder, the principal sum of $53,550.00 on or before June 23, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on June 24, 2022, payable with principal on June 23, 2023.
>
> If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.
>
> In the event of termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of June 22, 2022, between Holder and Maker."

22.     Subsection 1(e) of the June 22, 2022 Loan Agreement contains the following provision regarding possible cancellation and forgiveness of the loan:

> **"Forgiveness.**   The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on June 23, 2023, if Borrower is employed by Lender on June 23, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to June 23, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability."

23.     The conditions precedent set forth in subsection 1(e) of the June 22, 2022 Loan Agreement for forgiveness of the June 23, 2022 Loan did not occur and otherwise have no applicability, as Former Employee voluntarily terminated his employment with AnnieMac on November 2, 2022.

24.     Therefore, pursuant to the terms of the June 22, 2022 Loan Agreement and June 22, 2022 Promissory Note, Former Employee became obligated to pay back the June 23, 2022 Loan no later than December 2, 2022, which was 30 days following his voluntary termination of employment.

25.     AnnieMac has declared the entire unpaid principal and interest immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the June 23, 2022 Loan, together with interest, costs, and attorneys' fees.

26.     Thus, Former Employee has materially breached his obligations and promises to pay set forth in the June 22, 2022 Loan Agreement and June 22, 2022 Promissory Note.

27.     By contrast, AnnieMac has complied with its obligations under the June 22, 2022 Loan Agreement, including by making the June 23, 2022 Loan to Former Employee.

28.     Former Employee's material breaches of the June 22, 2022 Loan Agreement and failure to honor the June 22, 2022 Promissory Note have proximately caused AnnieMac to suffer damages in the principal amount of $53,550.00 together with interest.

29.      The June 22, 2022 Promissory Note also entitles AnnieMac, if it prevails in this matter, to recover its attorneys' fees and costs incurred in connection with enforcing Former Employee's payment obligations.

## COUNT I
## BREACH OF THE APRIL 29, 2022 LOAN AGREEMENT

30.     AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

31.     The April 29, 2022 Loan Agreement is a valid and enforceable agreement between AnnieMac and Former Employee.

32.     AnnieMac performed its obligations under the Agreement, including by paying Former Employee the sum of $54,800.00 on May 2, 2022.

33.     Former Employee materially breached the April 29, 2022 Loan Agreement, including by failing, refusing, and/or neglecting to pay back the May 2, 2022 Loan.

34.     Former Employee's material breaches of the April 29, 2022 Loan Agreement have proximately caused AnnieMac to suffer damages in the principal amount of $54,800.00, together with interest, costs and attorney fees.

**COUNT II**
**ENFORCEMENT OF APRIL 29, 2022 PROMISSORY NOTE**

35.     AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

36.     The April 29, 2022 Promissory Note is a negotiable instrument pursuant to Article 3 of New Jersey's Uniform Commercial Code ("UCC").  *See*. N.J.S. § 12A:3-104(a).

37.     The April 29, 2022 Promissory Note is payable to the order of AnnieMac.

38.     AnnieMac is the holder of the April 29, 2022 Promissory Note and is in possession of the instrument; therefore, AnnieMac is entitled to enforce the instrument.

39.     Payment on the April 29, 2022 Promissory Note was due no later than December 2, 2022.

40.     Former Employee failed to pay back the May 2, 2022 Loan on or before December 2, 2022 and therefore the April 29, 2022 Promissory Note is overdue.

41.     AnnieMac has declared the April 29, 2022 Promissory Note and related debt immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the May 2, 2022 Loan.

42.     AnnieMac has been damaged and is entitled to immediate payment from Former Employee of the principal amount of $54,800.00, together with interest, costs, and attorneys' fees.

### COUNT III
### BREACH OF THE JUNNE 22, 2022 LOAN AGREEMENT

43.     AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

44.     The June 22, 2022 Loan Agreement is a valid and enforceable agreement between AnnieMac and Former Employee.

45.     AnnieMac performed its obligations under the Agreement, including by paying Former Employee the sum of $53,550.00 on June 23, 2022.

46.     Former Employee materially breached the June 22, 2022 Loan Agreement, including by failing, refusing, and/or neglecting to pay back the June 23, 2022 Loan.

47.     Former Employee's material breaches of the June 22, 2022 Loan Agreement have proximately caused AnnieMac to suffer damages in the principal amount of $53,550.00, together with interest, costs and attorney fees.

### COUNT IV
### ENFORCEMENT OF JUNE 22, 2022 PROMISSORY NOTE

48.     AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

49.     The June 22, 2022 Promissory Note is a negotiable instrument pursuant to Article 3 of the UCC.  *See*. N.J.S. § 12A:3-104(a).

50.     The June 22, 2022 Promissory Note is payable to the order of AnnieMac.

51.     AnnieMac is the holder of the June 22, 2022 Promissory Note and is in possession of the instrument; therefore, AnnieMac is entitled to enforce the instrument.

52.     Payment on the June 22, 2022 Promissory Note was due no later than December 2, 2022.

53.     Former Employee failed to pay back the June 23, 2022 Loan on or before December 2, 2022 and therefore the June 22, 2022 Promissory Note is overdue.

54.     AnnieMac has declared the June 22, 2022 Promissory Note and related debt immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the June 23, 2022 Loan.

55.     AnnieMac has been damaged and is entitled to immediate payment from Former Employee of the principal amount of $53,550.00, together with interest, costs, and attorneys' fees.

## **DEMAND FOR JUDGMENT**

WHEREFORE, AnnieMac respectfully requests judgment against Former Employee as follows:

A.     On Counts I and II, awarding damages in favor of AnnieMac, in an amount to be determined at trial, but in no event less than $54,800.00, plus interest, costs and attorneys' fees.

B.     On Counts III and IV, awarding damages in favor of AnnieMac, in an amount to be determined at trial, but in no event less than $53,550.00, plus interest, costs and attorneys' fees.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Connor M. Mannion*
Court Plaza North, 25 Main Street
PO Box 800
Hackensack, NJ 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile

November 7, 2023

# EXHIBIT 1

## LOAN AGREEMENT

THIS LOAN AGREEMENT (the "Agreement") is entered into as of April 29, 2022, by and between American Neighborhood Mortgage Acceptance Company LLC, a Delaware limited liability company ("Lender") and Richard Scott Dennis, residing at 5511 Via Dianza, Yorba Linda, CA 92887 ("Borrower").  Borrower and Lender are sometimes referred to in this Agreement as a "Party" or, collectively, as the "Parties."

## RECITALS

WHEREAS Borrower desires to obtain from Lender a loan in the principal amount of Fifty-four thousand eight hundred dollars ($54,800.00) (the "Loan"); and

WHEREAS as an incentive to retain Borrower in the employ of Lender for a period of at least twelve (12) months from the date hereof, Lender desires to grant Borrower the Loan.

NOW, THEREFORE, in consideration of the terms and conditions herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

**1.  Loan Terms.**

(a)        **Principal Amount.**  Lender shall pay to the order of Borrower, Richard Scott Dennis, on May 2, 2022, the principal sum of Fifty-four thousand eight hundred dollars ($54,800.00) (the "Principal").

(b)        **Interest.**  Interest shall accrue on the outstanding Principal amount at the rate of two percent (2%) per annum.

(c)        **Promissory Note.**  Borrower's obligation to repay the Loan shall be evidenced by a promissory note substantially in the form attached as Exhibit A hereto (the "Note"). Borrower shall execute and deliver to Lender the Note concurrently with execution and delivery of this Agreement.

(d)        **Repayment.**  Borrower shall pay to the order of Lender the Principal and accrued interest under the Note on May 1, 2023, provided, however, that all Principal and accrued but unpaid interest shall become immediately due and payable thirty (30) days after the date of Borrower's termination of employment with Lender for any reason prior to May 1, 2023 (except as otherwise provided in Section (e) herein).  The Loan shall be subject to forgiveness as provided below.  The Loan shall be unsecured but with full recourse against Borrower.

(e)        **Forgiveness.**  The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on May 1, 2023, if Borrower is employed by Lender on May 1, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to May 1, 2023 if such

Initial

termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability (as defined below).

(f)      **Income Taxes.**   If the Loan is forgiven pursuant to the terms of Section (e) above, Borrower shall be solely responsible to pay federal, state, or local income taxes with respect to the forgiveness of the Loan.

(g)      **Definitions.**

For purposes of this Agreement, the following terms shall have the meanings indicated below:

**"Cause"** shall mean a reasonable determination of the Chief Executive Officer of Lender that at least one of the following has occurred: (i) one or more factually substantiated willful acts of dishonesty on Borrower's part which are intended to result in Borrower's substantial personal enrichment at the expense of Lender; (ii) repeated violations by Borrower of Borrower's employment obligations to Lender which are demonstrably willful and deliberate on Borrower's part and which resulted in material injury to Lender; (iii) conduct of a factually substantiated criminal nature (commonly defined as a "felony" in criminal statutes) which has or which is more likely than not to have a material adverse effect on Lender's reputation or standing in the community or on its continuing relationships with its customers; or (iv) factually substantiated fraudulent conduct in connection with the business or affairs of Lender, regardless of whether said conduct is designed to defraud Lender or others; provided that, in each case, Borrower has received written notice of the described activity, has been afforded a reasonable opportunity to cure or correct the activity described in the notice, and has failed to substantially cure, correct or cease the activity, as appropriate.

**"Disability"** shall mean that Borrower suffers a disability due to illness or injury which substantially and materially limits Borrower from performing each of the essential functions of Borrower's job, even with reasonable accommodation and becomes entitled to receive disability benefits under Lender's Long-Term Disability Plan for exempt employees.

2.   **Transfer of Note.**   Borrower shall not assign or transfer any of Borrower's benefits or obligations arising under the Note.   Lender reserves the right to assign or transfer all or any part of, or any interest in, Lender's rights and benefits under this Agreement or the Note to any successor to all or part of its business or assets so long as any assignee or transferee expressly agrees to assume and perform this Agreement in the same manner and to the same extent as Lender would be required to perform if no such assignment or transfer had taken place.

3.   **Amendment; Waiver.**   This Agreement and the Note contain the entire agreement between the Parties with respect to the subject matter hereof and may be amended, modified, or changed only by a written instrument executed by the Parties.   No provision of this Agreement or the Note may be waived except by a writing executed and delivered by the Party sought to be charged.   Any such written waiver will be effective only with respect to the event or circumstance described therein and not with respect to any other event or circumstance unless such waiver expressly provides to the contrary.

Initial

DocuSign Envelope ID: 6CFDB516-2353-4E04-A94D-8B04EB8G5EC

4. **Choice of Law**. This Agreement shall be construed in accordance with and governed by the internal laws of the State of New Jersey, without reference to principles of conflict of laws.

5. **Headings.** The paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the provisions hereof.

6. **Notices.** All notices and other communications hereunder shall be in writing; and shall be delivered by hand or overnight courier service, or mailed by certified mail, return receipt requested, postage prepaid; and shall be deemed delivered upon actual receipt; and shall be addressed as follows:

**If to Lender:**                                    **If to Borrower**

American Neighborhood Mortgage          Richard Scott Dennis
Acceptance Company LLC                     5511 Via Dianza
700 East Gate Drive, Suite 400            Yorba Linda, CA 92887
Mount Laurel, NJ 08054
Attn: Legal Department

or to such other address as either party shall have furnished to the other in writing in accordance herewith.

7. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

8. **Severability**. If any provision in or obligation under this Agreement shall be invalid, illegal, or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

9. **No Third-Party Beneficiary Rights**. The Parties do not intend to confer, and this Agreement shall not be construed to confer any rights or benefits to any person, firm, group, corporation, or entity other than the Parties.

IN WITNESS WHEREOF, this Agreement has been duly executed by the Parties on the date first written above.

**LENDER**                                          **BORROWER**
**AMERICAN NEIGHBORHOOD**
**MORTGAGE ACCEPTANCE CO. LLC**

*Joseph Panebianco*                              *Richard Scott Dennis*
EBB5BA77002241F...                               7F3D0A7E62E54B1...
By: Joseph Panebianco, CEO                   Richard Scott Dennis

Initial *RSD*

## EXHIBIT A

### Promissory Note

**$54,800.00**                                        **Date:  April 29, 2022**

American Neighborhood Mortgage Acceptance Company LLC, (herein referred to as "Holder") has agreed to advance to Richard S. Dennis (herein referred to as "Maker") on May 2, 2022, the sum of $54,800.00, and for said value received Maker promises to repay to the order of Holder, the principal sum of $54,800.00 on or before May 1, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on May 2, 2022, payable with principal on May 1, 2023.

If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.

In the event of the termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of April 29, 2022, between Holder and Maker.

In the event of commencement of legal action to enforce payment of this note, the non-prevailing party agrees to pay the prevailing party's reasonable attorney's fees and court costs in connection therewith.

DocuSigned by:

*Richard Scott Dennis*          4/26/2022
7F3D0A7E62E54B1...

Richard S. Dennis               Date

Initial *RSD*

# **EXHIBIT 2**

DocuSign Envelope ID: D5573C07-8575-42BC-B44B-7AF91BF722BA



## LOAN AGREEMENT

THIS LOAN AGREEMENT (the "Agreement") is entered into as of June 22, 2022, by and between American Neighborhood Mortgage Acceptance Company LLC, a Delaware limited liability company ("Lender") and Richard Scott Dennis, residing at 5511 Via Dianza, Yorba Linda, CA 92887 ("Borrower"). Borrower and Lender are sometimes referred to in this Agreement as a "Party" or, collectively, as the "Parties."

## RECITALS

WHEREAS Borrower desires to obtain from Lender a loan in the principal amount of Fifty-three thousand five hundred fifty dollars ($53,550.00) (the "Loan"); and

WHEREAS as an incentive to retain Borrower in the employ of Lender for a period of at least twelve (12) months from the date hereof, Lender desires to grant Borrower the Loan.

NOW, THEREFORE, in consideration of the terms and conditions herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

**1. Loan Terms.**

(a)      **Principal Amount.** Lender shall pay to the order of Borrower, Richard Scott Dennis, on June 24, 2022, the principal sum of Fifty-three thousand five hundred fifty dollars ($53,550.00) (the "Principal").

(b)      **Interest.** Interest shall accrue on the outstanding Principal amount at the rate of two percent (2%) per annum.

(c)      **Promissory Note.** Borrower's obligation to repay the Loan shall be evidenced by a promissory note substantially in the form attached as Exhibit A hereto (the "Note"). Borrower shall execute and deliver to Lender the Note concurrently with execution and delivery of this Agreement.

(d)      **Repayment.** Borrower shall pay to the order of Lender the Principal and accrued interest under the Note on June 23, 2023, provided, however, that all Principal and accrued but unpaid interest shall become immediately due and payable thirty (30) days after the date of Borrower's termination of employment with Lender for any reason prior to June 23, 2023 (except as otherwise

Initial

DocuSign Envelope ID: D5573C07-8575-42B8-B44B-7AF91BF72BBA

provided in Section (e) herein).  The Loan shall be subject to forgiveness as provided below.  The Loan shall be unsecured but with full recourse against Borrower.

(e)    **Forgiveness**.  The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on June 23, 2023, if Borrower is employed by Lender on June 23, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to June 23, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability (as defined below).

(f)    **Income Taxes.**  If the Loan is forgiven pursuant to the terms of Section (e) above, Borrower shall be solely responsible to pay federal, state, or local income taxes with respect to the forgiveness of the Loan.

(g)    **Definitions.**

For purposes of this Agreement, the following terms shall have the meanings indicated below:

**"Cause"** shall mean a reasonable determination of the Chief Executive Officer of Lender that at least one of the following has occurred: (i) one or more factually substantiated willful acts of dishonesty on Borrower's part which are intended to result in Borrower's substantial personal enrichment at the expense of Lender; (ii) repeated violations by Borrower of Borrower's employment obligations to Lender which are demonstrably willful and deliberate on Borrower's part and which resulted in material injury to Lender; (iii) conduct of a factually substantiated criminal nature (commonly defined as a "felony" in criminal statutes) which has or which is more likely than not to have a material adverse effect on Lender's reputation or standing in the community or on its continuing relationships with its customers; or (iv) factually substantiated fraudulent conduct in connection with the business or affairs of Lender, regardless of whether said conduct is designed to defraud Lender or others; provided that, in each case, Borrower has received written notice of the described activity, has been afforded a reasonable opportunity to cure or correct the activity described in the notice, and has failed to substantially cure, correct or cease the activity, as appropriate.

**"Disability"** shall mean that Borrower suffers a disability due to illness or injury which substantially and materially limits Borrower from performing each of the essential functions of Borrower's job, even with reasonable accommodation and becomes entitled to receive disability benefits under Lender's Long-Term Disability Plan for exempt employees.

2.  **Transfer of Note.**    Borrower shall not assign or transfer any of Borrower's benefits or obligations arising under the Note.   Lender reserves the right to assign or transfer all or any part of, or any interest in, Lender's rights and benefits under this Agreement or the Note to any successor to all or part of its business or assets so long as any assignee or transferee expressly agrees to assume and perform this Agreement in the same manner and to the same extent as Lender would be required to perform if no such assignment or transfer had taken place.

Initial 

3.  **Amendment; Waiver**.  This Agreement and the Note contain the entire agreement between the Parties with respect to the subject matter hereof and may be amended, modified, or changed only by a written instrument executed by the Parties.  No provision of this Agreement or the Note may be waived except by a writing executed and delivered by the Party sought to be charged.  Any such written waiver will be effective only with respect to the event or circumstance described therein and not with respect to any other event or circumstance unless such waiver expressly provides to the contrary.

4.  **Choice of Law**.  This Agreement shall be construed in accordance with and governed by the internal laws of the State of New Jersey, without reference to principles of conflict of laws.

5.  **Headings**.  The paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the provisions hereof.

6.  **Notices.**  All notices and other communications hereunder shall be in writing; and shall be delivered by hand or overnight courier service, or mailed by certified mail, return receipt requested, postage prepaid; and shall be deemed delivered upon actual receipt; and shall be addressed as follows:

**If to Lender:**                                      **If to Borrower**

American Neighborhood Mortgage            Richard Scott Dennis
Acceptance Company LLC                        5511 Via Dianza
700 East Gate Drive, Suite 400                  Yorba Linda, CA 92887
Mount Laurel, NJ 08054
Attn: Legal Department

or to such other address as either party shall have furnished to the other in writing in accordance herewith.

7.  **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

8.  **Severability**.  If any provision in or obligation under this Agreement shall be invalid, illegal, or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

9.  **No Third-Party Beneficiary Rights**.  The Parties do not intend to confer, and this Agreement shall not be construed to confer any rights or benefits to any person, firm, group, corporation, or entity other than the Parties.

IN WITNESS WHEREOF, this Agreement has been duly executed by the Parties on the date first written above.



Initial

---

**LENDER**
**AMERICAN NEIGHBORHOOD**
**MORTGAGE ACCEPTANCE CO. LLC**

**BORROWER**

DocuSigned by:

*Rick Dennis*

AAA5AAC66616499

_____

By:  Joseph Panebianco, CEO

Richard Scott Dennis

DS
RD
Initial

DocuSign Envelope ID: D5573C07-8575-42B6-B44B-7AF91BF722BA

# EXHIBIT A

## Promissory Note

**$53,550.00**                                               **Date:  June 22, 2022**

American Neighborhood Mortgage Acceptance Company LLC, (herein referred to as "Holder") has agreed to advance to Richard S. Dennis (herein referred to as "Maker") on June 24, 2022, the sum of $53,550.00, and for said value received Maker promises to repay to the order of Holder, the principal sum of $53,550.00 on or before June 23, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on June 24, 2022, payable with principal on June 23, 2023.

If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.

In the event of the termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of June 22, 2022, between Holder and Maker.

In the event of commencement of legal action to enforce payment of this note, the non-prevailing party agrees to pay the prevailing party's reasonable attorney's fees and court costs in connection therewith.

*Rick Dennis*                          6/23/2022
AAA5AAC60616499...
Richard S. Dennis                 Date

Initial  *RD*